**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TOMMY L. TAYLOR,                              ) | |
|                                               ) | |
|      **Plaintiff,**                      ) | |
|                                               ) | |
| vs.                                           ) | **CIVIL NO. 09-123-GPM** |
|                                               ) | |
| UNION PACIFIC RAILROAD COMPANY,  ) | |
| a corporation,                                ) | |
|                                               ) | |
|      **Defendant.**                     ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter, which recently was reassigned to the undersigned by Senior United States District Judge William D. Stiehl, currently is before the Court on a motion for partial summary judgment brought by Plaintiff Tommy L. Taylor (Doc. 37). According to Taylor's moving papers, on December 28, 2007, he was working as a locomotive engineer for Defendant Union Pacific Railroad Company ("UP"), operating Locomotive UP 9315 on a run from Dexter, Missouri, to Dupo, Illinois. Over the course of approximately four hours, according to Taylor, he was exposed to sulfuric acid fumes from a defective, overheating locomotive battery in the cab of UP 9315. As a result of the said exposure, Taylor contends that he suffered severe, permanent injuries to his lungs and is completely disabled. He asserts claims against UP under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, and the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701 *et seq*. Taylor now seeks partial summary judgment against UP on the issue of liability. Finding that there are genuine issues of material fact for trial, the Court denies Taylor's request for partial summary judgment.

The standard under which a court must review a request for summary judgment is well established.  Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(a).  The rule provides further that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party.  *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981).  *See also Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) (citing *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010)) ("We construe all facts in the light most favorable to [the non-movant] and draw all reasonable inferences in his favor.").  On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a factfinder.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betaco, Inc. v. Cessna Aircraft Co.*, 32 F.3d 1126, 1138 (7th Cir. 1994).  In evaluating a motion for summary judgment, "[t]he court has one task and one task only:  to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).[1]

---

1.     This perhaps is the place to note that UP also has moved for summary judgment although, because UP's summary judgment motion rests on challenges to the admissibility of certain expert evidence proffered by Taylor, the Court cannot rule on UP's request for summary judgment at this time. "Importantly, the mere fact that all parties to an action have moved for summary judgment does not, in itself, show the absence of any genuine issue for trial.  'Counter-motions for summary

Under the FELA, "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier[.]"  45 U.S.C. § 51. The intent of the FELA is to provide broad remedial measures for railroad employees.  *See Green v. CSX Transp., Inc*., 414 F.3d 758, 765 (7th Cir. 2005); *Walker v. Northeast Reg'l Commuter R.R. Corp*., 225 F.3d 895, 897 (7th Cir. 2000).  In an action under the statute, a railroad will be held liable if the employer's negligence played any part, even the slightest, in producing the injury.  *See Rogers v. Missouri Pac. R.R. Co*., 352 U.S. 500, 506-07 (1957); *Coffey v. Northeast Ill. Reg'l Commuter R.R. Corp. (METRA)*, 479 F.3d 472, 476 (7th Cir. 2007); *Lisek v. Norfolk & W. Ry. Co*., 30 F.3d 823, 832 (7th Cir. 1994).  However, "[t]he FELA is not a workmen's compensation act[.]"  *Walden v. Illinois Cent. Gulf R.R.*, 975 F.2d 361, 364 (7th Cir. 1992).  Thus, to recover under the statute, a plaintiff ultimately must prove "the traditional common law elements of negligence, including foreseeability, duty, breach, and causation," although the "quantum of evidence necessary to establish liability under the FELA is lower than that required in an ordinary negligence action."  *Fulk v. Illinois Cent. R.R. Co*., 22 F.3d 120, 124 (7th Cir. 1994).  With respect to causation, "[t]he fact that there may have been a number of causes of the injury is . . . irrelevant as long as one cause may be attributable to the railroad's negligence."  *Heater v. Chesapeake & Ohio Ry*., 497 F.2d 1243, 1246-47 (7th Cir. 1974).

---

judgment do not automatically empower the court to dispense with the determination of whether questions of material fact exist.'"  *Boeckman v. A.G. Edwards, Inc.*, Civil No. 05-658-GPM, 2007 WL 4225740, at *1 (S.D. Ill. Aug. 31, 2007) (quoting *Krawczyk v. Harnischfeger Corp.*, 869 F. Supp. 613, 621 (E.D. Wis. 1994)).  "Merely because both parties move for summary judgment does not mean that one party must prevail.  If neither party demonstrates that summary judgment in its favor is warranted, neither motion will be granted."  *Id*.

The FELA is a general negligence statute and, as such, it neither prohibits nor requires specific conduct by a railroad. *See Waymire v. Norfolk & W. Ry. Co.*, 218 F.3d 773, 775 (7th Cir. 2000). By contrast, the LIA imposes on employers an absolute duty to provide safe equipment. *See McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 299 (7th Cir. 1996) (the LIA, formerly known as the Boiler Inspection Act, "imposes upon rail carriers an absolute duty to maintain the parts and appurtenances of their locomotives in safe and proper condition."). Specifically, the LIA prohibits the use of a locomotive unless "the locomotive or tender and its parts and appurtenances – (1) are in proper condition and safe to operate without unnecessary danger of personal injury; (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and (3) can withstand every test prescribed by the Secretary under this chapter." 49 U.S.C. § 20701. The Federal Railroad Administration ("FRA") has issued regulations concerning locomotive safety standards and inspections. *See* 49 C.F.R. § 200 *et seq*. The LIA does not itself create a private right of action, but employees alleging injury resulting from a violation of the statute may sue under the FELA. *See Lilly v. Grand Trunk W. R.R. Co.*, 317 U.S. 481, 485 (1943); *Schmitz v. Canadian Pac. Ry. Co.*, 454 F.3d 678, 682-83 (7th Cir. 2006) (citing *Kernan v. American Dredging Co.*, 355 U.S. 426, 432-33 (1958)). Thus, an employee may recover under the FELA for injuries resulting in whole or in part from a railroad carrier's negligence or from its violation of the LIA. Said differently, the LIA is regarded as an amendment to the FELA that provides additional public protection and facilitates employee recovery and, correspondingly, a violation of the LIA, if proven, constitutes negligence per se under the FELA. *See Richardson v. Consolidated Rail Corp.*, 17 F.3d 213, 216 (7th Cir. 1994) (quoting *Urie v. Thompson*, 337 U.S. 163, 189 (1949)) (a plaintiff seeking to recover under the FELA for a

violation of the LIA "need not show that an improper or unsafe operation was caused by negligence; proving the improper or unsafe operation 'is effective to show negligence as a matter of law.'"). Nevertheless, an employee asserting a violation of the LIA through, for example, a carrier's violation of an FRA standard, still must show that the violation was a cause of the employee's injury. *See Coffey*, 479 F.3d at 477 (citing *Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 166 (1969)) (a FELA plaintiff alleging a violation of a safety standard "still has to prove a causal relation between a violation and the injury for which he is suing, but there he gets the benefit of the 'in whole or in part' language of the FELA.").

   In this case even a very cursory examination of the record shows that virtually every fact regarding the alleged toxic exposure incident giving rise to this case is in dispute, including a number of facts that Taylor, in his summary judgment papers, avers are undisputed.  Of particular concern to the Court is the sharp dispute between the parties as to causation.  An FRA standard titled "Exhaust and battery gases" provides, in relevant part, that "[b]attery containers shall be vented and batteries kept from gassing excessively."  49 C.F.R. § 229.43(b).  As UP points out, the FRA measures excessive gassing of locomotive batteries using the permissible exposure limit ("PEL") developed by the Occupational Safety and Health Administration ("OSHA").  Specifically, the FRA "employs the OSHA criteria to determine compliance with the Locomotive Inspection Act[.]" Doc. 40-14 (*Locomotive Crashworthiness and Cab Working Conditions*, Report to Congress from the Federal Railroad Administration, September 1996, Ch. 7) at 3.  Correspondingly, the FRA chooses "to deem any measured concentration of a gas that exceed[s] the OSHA 8-hour time weighted PEL to be a cause for concern, even if that concentration [is] present for only a short period of time." *Id*. at 12-13.  Here the parties dispute whether the concentration of sulfuric acid fumes

from the battery in the cab of UP 9315 at the time of Taylor's alleged toxic exposure exceeded the OSHA PEL or not.  Given this dispute of material fact respecting causation, and viewing the evidence in this case in the light most favorable to UP as the Court must do, Taylor's motion for partial summary judgment on the issue of liability (Doc. 37) is **DENIED**.  In view of the Court's conclusion that the record of this case discloses genuine issues for trial as to UP's liability, it is unnecessary for the Court to consider UP's motion to strike certain evidence relied upon by Taylor in his reply brief in support of his motion for partial summary judgment and, accordingly, UP's motion to strike (Doc. 93) is **DENIED as moot**.

      **IT IS SO ORDERED.**

      DATED:  July 27, 2010

                        /s/ G. Patrick Murphy
                        G. PATRICK MURPHY
                        United States District Judge