IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY L. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-123-GPM |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| a corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion in limine brought by Defendant Union Pacific Railroad Company ("UP") (Doc. 121). This case is an action under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq*. Taylor claims that on December 28, 2007, he was working as a locomotive engineer for UP, operating Locomotive UP 9315 on a run from Dexter, Missouri, to Dupo, Illinois. Over the course of approximately four hours, according to Taylor, he was exposed to sulfuric acid fumes from a defective, overheating locomotive battery in the cab of UP 9315. As a result of the said exposure, Taylor asserts that he suffers from a pulmonary disease, reactive airways dysfunction syndrome, and is totally disabled. Currently this case is set for trial solely on the issue of liability on January 3, 2011, at 8:00 a.m. at the United States District Courthouse in East St. Louis, Illinois, the undersigned United States District Judge presiding.

In the instant motion in limine, UP seeks to exclude at trial the following categories of evidence and argument: (1) reference to any lawsuits filed or claims made against UP for exposure

to sulfuric acid or other toxic substances by other plaintiffs besides Taylor; (2) any statement or argument that Taylor has "given a number of years of his life to [UP]," Taylor has "incurred an injury for [UP}," Taylor is "pitted against the entire railroad, all of its personnel, all of the claims department," etc.; (3) evidence and argument to the jury concerning the disparity of financial resources of the parties, the size of UP, its corporate status, its power and wealth, etc., statements referring to UP as calloused or inhumane, etc., and statements characterizing UP's counsel as dishonest; (4) evidence and argument concerning the intent of Congress in enacting the FELA; (5) any argument that UP acted deliberately or intentionally tried to harm Taylor or was "grossly" negligent, arguments about "sending a message" to UP, and references to punitive damages; (6) argument that request the jury to apply the "golden rule" and place themselves in Taylor's position for purposes of evaluating the pain and suffering associated with his injuries; (7) statements by Taylor's counsel expressing a personal opinion, including, but not limited to, an opinion concerning the bona fides or credibility of UP's defenses, and statements by Taylor's counsel personally vouching for Taylor's credibility or that of his witnesses; (8) statements to the jury that, as a FELA plaintiff, Taylor is not entitled to workers' compensation and that the FELA is Taylor's sole remedy for his injuries; and (9) evidence and argument that UP could have provided safer methods of work.

The Court having considered the matter carefully, it is hereby **ORDERED** as follows:

1. With respect to UP's in limine request (1), Taylor's counsel agree that such evidence should be excluded at trial, with the exception of Todd Shearrer, who was the conductor in the cab of UP 9315 on December 28, 2007, and who brought a separate lawsuit in this Court in which he alleged personal injuries due to exposure to sulfuric acid fumes in the cab of UP's locomotive,

to wit, *Shearrer v. Union Pacific Railroad Co.*, Civil No. 09-122-MJR (S.D. Ill. filed Feb. 12, 2009). As Taylor's counsel point out, Shearrer has relevant evidence regarding conditions on board UP 9315 on December 28, 2007. Therefore, UP's in limine request (1) is **GRANTED in part** and **DENIED in part**. All evidence concerning lawsuits filed or claims made against UP for exposure to sulfuric acid or other toxic substances by other plaintiffs besides Taylor will be excluded at trial, save for the case of Shearrer, with the caveat that at trial the parties will not be permitted to refer to the fact that Shearrer's case against UP was settled.

2. With respect to UP's in limine request (2), Taylor's counsel agree that such argument should be excluded at trial, and UP's in limine request (2) is **GRANTED**.

3. With respect to UP's in limine request (3), Taylor's counsel agree that such evidence and argument should be excluded at trial, and UP's in limine request (3) is **GRANTED**.

4. With respect to UP's in limine request (4), Taylor's counsel argue that they should be permitted to present evidence and argument at trial concerning the intent of Congress in enacting the FELA. The Court disagrees. At trial the jury will be sitting as the finder of fact, not the finder of law, and evidence and argument concerning the intent of Congress in enacting the FELA is both irrelevant and unfairly prejudicial. *See Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 366 (7th Cir. 1990) (it is improper for a trial judge to permit the jury to infer that they may look to the parties or their witnesses for guidance on the law governing a case); *Panter v. Marshall Field & Co.*, 646 F.2d 271, 293 n.6 (7th Cir. 1981) ("It is not for witnesses to instruct the jury as to applicable principles of law, but the judge."); *Klaczak v. Consolidated Med. Transp. Inc.*, No. 96 C 6502, 2005 WL 1564981, at *3 (N.D. Ill. May 26, 2005) (quoting *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997)) ("Each courtroom comes equipped

with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."). Accordingly, UP's in limine request (4) is **GRANTED**. However, the grant of UP's in limine request (4) should not be understood as precluding Taylor's counsel from mentioning the FELA at trial, briefly explaining to whom the statute applies, and arguing the burden of proof to the jury, so long as the argument is consistent with the Court's instructions, as this is relevant and not unfairly prejudicial.

5. With respect to UP's in limine request (5), Taylor's counsel agree that references to punitive damages (and, by extension, to "gross negligence" and "sending a message" to UP) are irrelevant and unfairly prejudicial, given that punitive damages are not recoverable under the FELA. *See e.g., Wildman v. Burlington N. R.R. Co.*, 825 F.2d 1392, 1395 (9th Cir. 1987). *See also Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506-07 (1957) (liability under the FELA requires only proof of "slight[ ]" negligence on the part of a railroad). However, Taylor's counsel argue that they should be allowed to present evidence and argument tending to show that UP's alleged misconduct toward Taylor was deliberate or intentional. The Court disagrees. Taylor's complaint against UP under the FELA alleges simply that UP was negligent, not that UP's conduct was deliberate or intentional, and therefore the issue in dispute in this case is whether UP was negligent and, if so, whether this negligence was a cause of Taylor's injuries. Correspondingly, evidence and argument concerning deliberate or intentional conduct on the part of UP is irrelevant and unfairly prejudicial. *See Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 40 F.R.D. 96, 100 (N.D. Ill. 1966) (the party offering evidence "must . . . demonstrate that the proffered evidence bears some relevant connection to the issue in dispute"). UP's in limine request (5) is **GRANTED**.

6. With respect to UP's in limine request (6), Taylor's counsel agree that such argument should be excluded at trial, and UP's in limine request (6) is **GRANTED**.

7. With respect to UP's in limine request (7), Taylor's counsel agree that personal opinions of counsel concerning the credibility of parties, witnesses, or defenses expressed in the presence of the jury are improper, but point out that UP's in limine request is overbroad, in that it potentially precludes Taylor's counsel from pointing out to the jury that it is entitled to weigh the credibility of parties, witnesses, and defenses. The Court agrees. Accordingly, UP's in limine request (7) is **GRANTED in part** and **DENIED in part**. At trial Taylor's counsel may not offer personal opinions about the credibility of parties, witnesses, or defenses, but Taylor's counsel may refer in the presence of the jury to the jury's ability to weigh the credibility of parties, witnesses, and defenses.

8. With respect to UP's in limine request (8), Taylor's counsel argue that at trial they should be permitted to inform the jury that Taylor is not entitled to receive workers' compensation benefits and that the FELA is Taylor's sole remedy for his injuries. These matters concern Taylor's damages and, as noted, at this time this case is set for trial solely on the issue of liability. Therefore, UP's in limine request (8) is **DENIED as moot**, without prejudice to bringing the in limine request again at such time as the issue of Taylor's damages may be before the jury.

9. With respect to UP's in limine request (9) Taylor's counsel argue that this in limine request is vague and should be denied. The Court disagrees, and in fact the United States Court of Appeals for the Seventh Circuit has spoken clearly to this issue. In FELA cases, "proof of a safer alternative is not necessarily proof of negligence – [the railroad] could have provided a reasonably safe workplace notwithstanding the fact that safer workplace alternatives exist." *Taylor v. Illinois*

*Cent. R.R. Co.*, 8 F.3d 584, 586 (7th Cir. 1993) (citing *Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 838 (4th Cir. 1987)).  Thus, in a FELA case, "[t]he question is whether the railroad exercised reasonable care in creating a reasonably safe working environment, not whether that working environment could have been safer."  *Darrough v. CSX Transp., Inc.*, 321 F.3d 674, 676 (7th Cir. 2003) (citing *Walker v. Northeast Reg'l Commuter R.R. Corp.*, 225 F.3d 895, 899 (7th Cir. 2000)).  UP's in limine request (9) is **GRANTED**.  At trial Taylor's counsel may put on evidence that UP failed to provide a reasonably safe workplace for Taylor, not that UP could have provided safer methods of work.

    **IT IS SO ORDERED.**

    DATED:  December 21, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge