IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY L. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-123-GPM |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| a corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion in limine brought by Plaintiff Tommy L. Taylor (Doc. 134). This case is an action under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq*. Taylor claims that on December 28, 2007, he was working as a locomotive engineer for Defendant Union Pacific Railroad Company ("UP"), operating Locomotive UP 9315 on a run from Dexter, Missouri, to Dupo, Illinois. Over the course of approximately four hours, according to Taylor, he was exposed to sulfuric acid fumes from defective, overheating locomotive batteries on board UP 9315. As a result of the said exposure, Taylor asserts that he suffers from a pulmonary disease, reactive airways dysfunction syndrome, and is totally disabled. Currently this case is set for trial solely on the issue of liability on January 3, 2011, at 8:00 a.m. at the United States District Courthouse in East St. Louis, Illinois, the undersigned United States District Judge presiding.

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence provide expressly for the exclusion of evidence in limine before trial, "[i]n general, federal district

courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials." *Farley v. Miller Fluid Power Corp.*, No. 94 C 2273, 1997 WL 757863, at *1 (N.D. Ill. Nov. 24, 1997) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). The party seeking the exclusion of evidence in limine bears the burden of showing the propriety of such exclusion. *See Capuano v. Consolidated Graphics, Inc.*, Civil Action No. 06 C 5924, 2007 WL 2688421, at *1 (N.D. Ill. Sept. 7, 2007). Decisions regarding the exclusion of evidence in limine, like decisions about the admissibility of evidence generally, are committed to a court's sound discretion. *See Juracek v. City of O'Fallon, Ill. Police Dep't*, Civil No. 05-787-GPM, 2007 WL 3407367, at *2 (S.D. Ill. Nov. 14, 2007); *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007) (citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)). Evidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose and, "if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context." *Greenwich Indus., L.P. v. Specialized Seating, Inc.*, No. 02 C 5000, 2003 WL 21148389, at *1 (N.D. Ill. May 16, 2003).

In the instant motion in limine, Taylor seeks to exclude at trial the following categories of evidence and argument:

> (1) references to the fact that Taylor receives benefits from the United States Railroad Retirement Board ("USRRB");
>
> (2) references to any arrests or indictments that did not lead to conviction and to any convictions that do not involve dishonesty or false statement;
>
> (3) any document, photograph, or video that was requested by Taylor during the discovery process, but that was not made available to Taylor in discovery;

(4) testimony or evidence that UP is a "safe railroad," is a leader in safety in the railroad industry, or has received any safety awards from the Federal Railroad Administration, Association of American Railroads, or any other group;

(5) evidence and argument about when, why, and under what circumstances Taylor hired or consulted with an attorney or any actions Taylor took or did not take on advice of counsel;

(6) references to the fact that Taylor has sought to preclude information or facts from the jury, regardless of whether the Court granted or denied the request;

(7) any evidence regarding UP's "vocational rehabilitation program," light duty program, or any other financial assistance program offered by UP and, further, how and in what manner Taylor applied for or refused any purported offers of assistance;

(8) references to how or in what way Taylor will use any money that may be awarded to him following a jury verdict in his favor;

(9) references to the fact that Taylor owns any property, real or personal, or that he has independent sources of income such as bank accounts, investments, or any other evidence, questioning, or argument related to Taylor's personal financial condition;

(10) references to Taylor's drinking habits or alcohol consumption;

(11) references concerning any offers of settlement that may have been made before or during trial;

(12) the circumstances or timing of the filing of Taylor's lawsuit or any actions Taylor took or did not take relative to the filing of this lawsuit;

(13) references to the fact that Taylor could have qualified for full retirement or pension benefits at the age of sixty years or that some unnamed railroad employees do so;

(14) any mention, reference, or innuendo that Taylor's burden of proof in this personal injury case for compensatory damages is anything other than a preponderance of the evidence;

(15) references to the fact that any party did or did not have insurance coverage at any time relevant to this lawsuit;

(16) any witness not previously named in advance of trial and listed on UP's witness list, unless there is good cause to permit the witness to testify;

(17) references to the amount of the settlement in a related case brought against UP by Todd Shearrer;

(18) any discussion, testimony, question, or argument regarding any expert opinions outside the four corners of a treating physician's medical records, care and treatment, and;

(19) any statements in the presence of the jury that plaintiffs in personal injury cases may exaggerate their symptoms in order to receive some financial benefit, that patients involved in litigation have complaints of injury for a longer period of time than patients who are not involved in litigation, or that patients involved in litigation do not return to work as quickly as patients who are not so involved.

The Court having considered the matter carefully, it is hereby **ORDERED** as follows:

1.      With respect to Taylor's in limine request (1), evidence concerning the fact that Taylor receives benefits from the USRRB clearly goes to the issue of whether Taylor has collateral sources of income against which a jury might offset a money judgment in his favor.  Because, as noted, this case currently is set for trial solely on the issue of UP's liability, not Taylor's damages, Taylor's in limine request (1) is **DENIED as moot**, without prejudice to bringing the in limine request again at such time as the issue of Taylor's damages may be before the jury.

2.      With respect to Taylor's in limine request (2), under the Federal Rules of Evidence, a witness may be impeached by evidence that the witness has been convicted of a crime punishable by death or imprisonment in excess of one year, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused[.]"  Fed. R. Evid. 609(a)(1).  However, the rule provides further that, regardless of the probative value or prejudicial effect of the evidence, a witness may be impeached with evidence that he or she has been convicted of a crime requiring "proof or admission of an act of dishonesty or false statement by the witness."  Fed. R. Evid. 609(a)(2).  Taylor's in limine request (2) is overbroad in that it seeks to limit the admission of evidence of prior convictions at trial solely to convictions involving crimes of dishonesty or false statement, and therefore Taylor's in limine request (2) is **DENIED**.

3.      With respect to Taylor's in limine request (3), the exclusion of evidence not properly disclosed in discovery before trial already is governed by Rule 26 and Rule 37 of the Federal Rules of Civil Procedure and therefore is not a proper subject for a motion in limine.  *See Latham v. Edelbrock Corp.*, Civil No. 07-713-GPM,

2009 WL 3156546, at *2 (S.D. Ill. Sept. 26, 2009) (citing *Wells Fargo Bank, N.A., v. Siegel*, No. 05-C-5635, 2007 WL 1118442, at *3 (N.D. Ill. Apr. 16, 2007)) ("[A] request that the parties to a case follow rules that already are binding on them is not an appropriate subject for a motion in limine[.]"). Taylor's in limine request (3) is **DENIED**.

4.      With respect to Taylor's in limine request (4) the Court is not certain precisely what evidence Taylor's counsel are seeking to exclude at trial, and therefore the Court prefers to defer ruling on Taylor's in limine request (4) until trial so that questions of foundation, relevancy and prejudice can be resolved in context. Therefore, Taylor's in limine request (4) is **DENIED**. *See Green v. Goodyear Dunlop Tires N. Am., Ltd.*, Civil No. 08-472-GPM, 2010 WL 747503, at *1 (S.D. Ill. Mar. 2, 2010) (quoting *Juracek*, 2007 WL 3407367, at *3) ("Evidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose and, 'if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context.'").

5.      With respect to Taylor's in limine request (5), the Court is not certain precisely what evidence Taylor's counsel are seeking to exclude at trial, and therefore the Court prefers to defer ruling on Taylor's in limine request (5) until trial so that questions of foundation, relevancy, and prejudice can be resolved in context. Therefore, Taylor's in limine request (5) is **DENIED**. *See Green*, 2010 WL 747503, at *1.

6.      With respect to Taylor's in limine request (6), the Court agrees with Taylor's counsel that the evidence at issue is both irrelevant and unfairly prejudicial to Taylor. *See* Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403. Therefore, Taylor's in limine request (6) is **GRANTED**.

7.      With respect to Taylor's in limine request (7), the evidence at issue plainly goes to the question of whether Taylor mitigated his damages. Because, as already has been discussed, this case currently is set for trial solely on the issue of liability, not damages, Taylor's in limine request (7) is **DENIED as moot**, without prejudice to bringing the in limine request again at such time as the issue of Taylor's damages may be before the jury.

8.      With respect to Taylor's in limine request (8), the evidence at issue, how Taylor might spend a jury verdict in his favor, is not relevant at this juncture, given that this case currently is set for trial solely on the issue of liability, not damages. Therefore, Taylor's in limine request (8) is **DENIED as moot**, without prejudice to bringing the in limine request again at such time as the issue of Taylor's damages may be before the jury.

9.      With respect to Taylor's in limine request (9), evidence concerning real or personal property owned by Taylor, his source or sources of income, and his general financial condition goes to the issue of whether Taylor has collateral sources of income against which a jury might offset a money judgment in his favor. Because this case currently is set for trial solely on the issue of UP's liability, not Taylor's damages, Taylor's in limine request (9) is **DENIED as moot**, without prejudice to bringing the in limine request again at such time as the issue of Taylor's damages may be before the jury.

10.     With respect to Taylor's in limine request (10), the Court agrees with Taylor's counsel that the evidence at issue is both irrelevant and unfairly prejudicial to Taylor. *See* Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403. Taylor's in limine request (10) is **GRANTED**.

11.     With respect to Taylor's in limine request (11), the inadmissibility of the evidence at issue is established already by Rule 408 of the Federal Rules of Evidence. Therefore, Taylor's in limine request (11) is **DENIED**. *See Latham*, 2009 WL 3156546, at *2.

12.     With respect to Taylor's in limine request (12), the Court is not certain precisely what evidence Taylor's counsel are seeking to exclude at trial, and therefore the Court prefers to defer ruling on Taylor's in limine request (4) until trial so that questions of foundation, relevancy, and prejudice can be resolved in context. Therefore, Taylor's in limine request (12) is **DENIED**. *See Green*, 2010 WL 747503, at *1.

13.     With respect to Taylor's in limine request (13), evidence concerning retirement or pension benefits that Taylor might have qualified for goes to the issue of whether Taylor has mitigated his damages in this case. Because, as noted, this case currently is set for trial solely on the issue of UP's liability, not Taylor's damages, Taylor's in limine request (13) is **DENIED as moot**, without prejudice to bringing the in limine request again at such time as the issue of Taylor's damages may be before the jury.

14.     With respect to Taylor's in limine request (14), that the plaintiff's burden of proof in a FELA case is a preponderance of the evidence is well established. *See, e.g., Wilson v. Chicago, Milwaukee, St. Paul, & Pac. R.R. Co.*, 841 F.2d 1347, 1353 (7th Cir. 1988); *Brankin v. CSX Transp., Inc.*, No. 94 C 4926, 1996 WL 627625, at *4 (N.D. Ill. Oct. 28, 1996); Fed. Civ. Jury Instr. 7th Cir. 9.01 (2010). Because the Court has no doubt that UP's attorneys will not attempt to suggest in the presence of the jury that Taylor's burden of proof is higher than a preponderance of the evidence, Taylor's in limine request (14) is **DENIED**.

15.     With respect to Taylor's in limine request (15), evidence of being insured at the time of the incident giving rise to this case goes to the issue of whether Taylor has collateral sources of income against which a jury might offset a money judgment in his favor.  Because this case currently is set for trial solely on the issue of UP's liability, not Taylor's damages, Taylor's in limine request (15) is **DENIED as moot**, without prejudice to bringing the in limine request again at such time as the issue of Taylor's damages may be before the jury.

16.     With respect to Taylor's in limine request (16), the exclusion of testimony at trial by witnesses not properly disclosed before trial already is governed by Rule 26 and Rule 37 of the Federal Rules of Civil Procedure and therefore is not a proper subject for a motion in limine.  *See Latham*, 2009 WL 3156546, at *2.  Taylor's in limine request (16) is **DENIED**.

17.     With respect to Taylor's in limine request (17), the Court agrees with Taylor's counsel that the evidence at issue is both irrelevant and likely to prejudice, confuse, and mislead the jury.  *See* Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403.  Therefore, Taylor's in limine request (17) is **GRANTED**.

18.     With respect to Taylor's in limine request (18), the Court is not certain precisely what evidence Taylor's counsel are seeking to exclude at trial, and therefore the Court prefers to defer ruling on Taylor's in limine request (18) until trial so that questions of foundation, relevancy, and prejudice can be resolved in context.  Therefore, Taylor's in limine request (18) is **DENIED**.  *See Green*, 2010 WL 747503, at *1.

19.     With respect to Taylor's in limine request (19), the Court agrees with Taylor's counsel that the evidence and argument at issue is both irrelevant and unfairly prejudicial.  *See* Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403.  Therefore, Taylor's in limine request (19) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  December 27, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge