IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOMMY L. TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 09-123-GPM** |
| ) | |
| **UNION PACIFIC RAILROAD COMPANY,** ) | |
| a corporation, ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion to exclude testimony brought by Plaintiff Tommy L. Taylor (Doc. 132). This case is an action under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq*. Taylor claims that on December 28, 2007, he was working as a locomotive engineer for Defendant Union Pacific Railroad Company ("UP"), operating Locomotive UP 9315 on a run from Dexter, Missouri, to Dupo, Illinois. Over the course of approximately four hours, according to Taylor, he was exposed to sulfuric acid fumes from defective, overheating locomotive batteries on board UP 9315. As a result of the said exposure, Taylor asserts that he suffers from a pulmonary disease, reactive airways dysfunction syndrome ("RADS"), and is totally disabled. Currently this case is set for trial solely on the issue of liability on January 3, 2011, at 8:00 a.m. at the United States District Courthouse in East St. Louis, Illinois, the undersigned United States District Judge presiding.

In the instant motion Taylor seeks to exclude at trial certain testimony of Dr. Adeel Khan, who is a treating physician of Taylor's. It appears from the instant motion that in 2008 Khan, then

a fellow in pulmonary care at St. Louis University Hospital and a physician under training in the areas of lung disease and critical care, began treating Taylor.  It further appears that on November 15, 2010, Khan was deposed by counsel for the parties to this case in Milwaukee, Wisconsin.  On direct examination by Taylor's counsel, Khan testified that he treated Taylor for two years, that during that time he diagnosed Taylor as suffering from RADS, and that Taylor's RADS was caused by exposure to sulfuric acid.  During Khan's deposition, counsel for UP cross-examined him regarding the foundation for his diagnosis and opinion.  Khan testified that one of the factors he relied upon in forming his RADS diagnosis was that Taylor had no history of any previous respiratory complaints.  Khan testified that it was his understanding that Taylor did not have any prior respiratory complaints or any injuries caused by inhalation of toxic fumes before the incident on December 28, 2007, and that he relied on that understanding in forming his opinions in this case.  Khan further testified that he relied on Taylor's own statements regarding Taylor's medical history in reaching a diagnosis.  Counsel for UP then cross-examined Khan with Taylor's medical records going back to 1989, which indicate that Taylor suffered respiratory complaints prior to the incident giving rise to this case, including bronchitis, allergic rhinitis, and pharyngitis.  Also, counsel for UP cross-examined Khan concerning an incident described in records of Taylor's employment before his employment with UP in which Taylor suffered an inhalation injury prior to the incident on December 28, 2007.  When counsel for UP cross-examined Khan concerning Taylor's prior medical records and employment records, Khan admitted that he had not seen those records before the deposition and that the records indicate that Taylor suffered respiratory complaints before December 28, 2007.  Also, Khan admitted under a hypothetical set of facts proposed by UP's counsel that more likely than not Taylor does not suffer from RADS.

Taylor's counsel argue that Khan's testimony on cross-examination at the November 15 deposition must be excluded at trial in this case because Khan has not produced an expert report as required by Rule 26 of the Federal Rules of Civil Procedure. When a party intends to introduce an expert witness, the party must comply with the disclosure requirements in Rule 26 if the expert witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The disclosure must include "a written report – prepared and signed by the witness[.]" *Id*. Rule 26 provides, in relevant part, that "[t]he [written] report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them[.]" *Id*. "The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response." *Meyers v. National R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010). "The consequence of non-compliance with Rule 26(a)(2)(B) is exclusion of an expert's testimony" pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, "unless the failure was substantially justified or is harmless." *Id*. (internal quotation marks omitted). Typically, courts do not require a treating physician to provide an expert report where the physician's testimony about causation, prognosis, and the extent of disability is based on his or her treatment of a party. *See Gary v. Alexander*, No. 08-3241, 2009 WL 1162387, at *1 (C.D. Ill. Apr. 24, 2009) ("Rule 26(a)(2)(B) does not apply to treating physicians who provide opinion testimony formulated in connection with treatment, including opinions on causation, diagnosis, and prognosis."); *Osterhouse v. Grover*, No. 3:04-cv-93-MJR, 2006 WL 1388841, at *3 (S.D. Ill. May 17, 2006)

(finding that no expert report was required because "[i]t is not unheard of for a doctor, during the course of treatment, to elicit information and form an opinion about the processes of an injury . . . . [and] for a doctor to form an opinion and inform a patient of the future ramifications of an injury[.]"); *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556 (S.D. Ind. 2003) ("The majority of courts permit physicians to present their opinions formulated during the course of treating a patient."); *McCloughan v. City of Springfield*, 208 F.R.D. 236, 242 (C.D. Ill. 2002) (not requiring an expert report where the treating physicians' testimony regarding causation, diagnosis, and prognosis would be based on their personal knowledge of the plaintiff); *Zurba v. United States*, 202 F.R.D. 590, 592 (N.D. Ill. 2001) (if a physician formed opinions regarding causation and permanency of a plaintiff's condition during his treatment of the plaintiff, the physician is not testifying as an expert and is not required to submit an expert report). However, where a treating physician is specially retained to render a medical opinion and bases his or her testimony beyond the facts made known to him or her during the course of a plaintiff's treatment, an expert report is required. *See Meyers*, 619 F.3d at 734-35; *Krischel v. Hennessy*, 533 F. Supp. 2d 790, 795 (N.D. Ill. 2008). Thus, if a plaintiff does not seek treatment from a physician until after litigation has arisen, the opinion likely is formed in anticipation of litigation, and an expert report is required. *See Meyers*, 619 F.3d at 734-35; *Cobble v. Wal-Mart Stores E., L.P.*, Cause No. 1:10-CV-010, 2010 WL 1088513, at *3 (N.D. Ind. Mar. 19, 2010).

Taylor argues that because Khan's testimony on cross-examination at the November 15 deposition was based on documents outside the scope of Khan's treatment of Taylor, that testimony is inadmissible at trial absent an expert report. The Court disagrees. Taylor's counsel have not cited, and the Court's research has not disclosed, any case involving the precise situation presented here,

that is, an attempt by a plaintiff to invoke Rule 26(a)(2)(B) to exclude a portion of the testimony of the plaintiff's own expert witness. The United States Court of Appeals for the Seventh Circuit recognizes that medical professionals reasonably may be expected to rely on self-reported patient histories in their diagnostic work, even if found to be inaccurate, because the inaccuracies in the history can be explored through cross-examination. "Our case law has recognized that experts in various fields may rely properly on a wide variety of sources and may employ a similarly wide choice of methodologies in developing an expert opinion." *Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1020 (7th Cir. 2000) (citing *United States v. Lundy*, 809 F.2d 392, 395-96 (7th Cir. 1987)). Correspondingly, "[m]edical professionals reasonably may be expected to rely on self-reported patient histories." *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 586 (7th Cir. 2000). "Such histories provide information upon which physicians may, and at times must, rely in their diagnostic work." *Id*. However, the *Walker* court went on to say, "[i]n situations in which a medical expert has relied upon a patient's self-reported history and that history is found to be inaccurate, district courts usually should allow those inaccuracies in that history to be explored through cross-examination." *Id*. "[T]he accuracy and truthfulness of the underlying [medical] history is subject to meaningful exploration on cross-examination and ultimately to jury evaluation." *Id*. at 587 (quoting *Cooper*, 211 F.3d at 1021). Here Dr. Khan admitted at the November 15 deposition that he relied upon Taylor's self-reported medical history in diagnosing Taylor as suffering from RADS. UP seeks to admit Khan's testimony on cross-examination at the deposition for the purpose of showing that his diagnosis is based upon inaccurate medical history and therefore lacks an adequate foundation. This is a proper use of Khan's testimony on cross-examination, so that Taylor's motion to exclude portions of Khan's testimony is not well-taken.

To conclude, for the foregoing reasons, Taylor's motion to exclude portions of Khan's testimony (Doc. 132) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  December 29, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
